1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARCO GARNICA,

                    Plaintiff,

     v.

STATE OF WASHINGTON, et al.,

                  Defendants.

CASE NO. C14-5546 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R")

of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 27), and

Plaintiff Marco Garnica's ("Garnica") objections to the R&R (Dkt. 28).

## I. PROCEDURAL HISTORY

On June 4, 2011, Garnica slipped and fell while cleaning a shower at the Clallam

Bay Corrections Center.  Dkt. 1, Ex. 2 ("Comp.") ¶¶ 1.1, 4.2.  On May 6, 2014, Garnica

filed a 42 U.S.C. § 1983 complaint against Defendants State of Washington, the

Washington State Department of Corrections, Bernard Warner, Ronald Fraker, and D.

Kuth (collectively "Defendants") in Thurston County Superior Court.  *Id.*  Garnica

1    alleges that Defendants (1) violated his federal constitutional rights under the Eighth and

2    Fourteenth Amendments, (2) acted negligently under Washington state law, and (3)

3    violated his state constitutional rights under Article I, Sections 3 and 14 of the

4    Washington State Constitution.  *Id.* ¶¶ 5.1–6.3.  On July 9, 2014, Defendants removed the

5    case to this Court.  Dkt. 1.

6         On December 16, 2014, Defendants moved for summary judgment.  Dkt. 15.  On

7    April 17, 2015, Judge Creatura issued the R&R recommending that the Court dismiss

8    Garnica's federal law claims and remand his state law claims.  Dkt. 27.  On May 7, 2015,

9    Garnica filed objections.  Dkt. 28.  On May 21, 2015, Defendants responded.  Dkt. 29.

10                                    **II. DISCUSSION**

11        Federal Rule of Civil Procedure 72(b) governs objections to a magistrate judge's

12   recommended disposition.  Rule 72(b) provides as follows:

13             The district judge must determine de novo any part of the magistrate
             judge's disposition that has been properly objected to.  The district judge
14            may accept, reject, or modify the recommended disposition; receive further
             evidence; or return the matter to the magistrate judge with instructions.
15   Fed. R. Civ. P. 72(b)(3).

16        Garnica objects to Judge Creatura's recommended disposition regarding his

17   federal claims.  Dkt. 28.  First, Garnica contends that Judge Creatura erroneously

18   determined that Secretary of the Department of Corrections Bernard Warner ("Secretary

19   Warner") and Superintendent of the Clallam Bay Corrections Center Ronald Fraker

20   ("Superintendent Fraker") cannot be held liable under section 1983.  *Id.* at 4–5.  As Judge

21   Creatura explained, a defendant cannot be held liable under section 1983 solely on the

22

1  basis of a supervisory responsibility or position. *See Monell v. Dep't of Soc. Servs.*, 436

2  U.S. 658, 694 n.58 (1978). Although Secretary Warner and Superintendent Fraker may

3  have been responsible for the overall operation of the prison, Garnica has not

4  demonstrated that Secretary Warner or Superintendent Fraker were personally involved

5  in the maintenance of the shower floors. Accordingly, these defendants cannot be held

6  liable under section 1983.

7       Garnica also contends that Judge Creatura erroneously concluded that Correctional

8  Officer D. Kuth ("Officer Kuth") was entitled to qualified immunity. Dkt. 28 at 3, 7–8.

9  The Court disagrees. Judge Creatura thoroughly and properly discussed why Officer

10  Kuth is entitled to qualified immunity. *See* Dkt. 27 at 10–15. Specifically, Garnica failed

11  to present evidence showing that the shower conditions rose to the level of a

12  constitutional violation. Garnica also did not present evidence showing that Officer Kuth

13  knew that the shower floors posed an excessive risk to inmate safety or that he was

14  deliberately indifferent to this condition. Finally, Garnica failed to show that the law

15  regarding the maintenance of shower floors was clearly established at the time of the

16  incident.

17                    **III. ORDER**

18       Therefore, the Court having considered the R&R, Garnica's objections, and the

19  remaining record, does hereby find and order as follows:

20       (1)    The R&R is **ADOPTED**;

21       (2)    Garnica's federal law claims are **DISMISSED**; and

22

(3)     Garnica's state law claims are **REMANDED** to Thurston County Superior

Court.

Dated this 15th day of June, 2015.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4